■ In the Matter of DEPARTMENT OF PERSONNEL OF THE CITY OF NEW YORK et al., Appellants, v CITY CIVIL SERVICE COMMISSION et al., Respondents.—Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered April 10, 1985, which dismissed the petition in this CPLR article 78 proceeding, seeking to annul the determination of the City Civil Service Commission, which, after a hearing, had (1) reversed the determination of the Department of Personnel, terminating respondent Latorre as a police officer and finding him not qualified by his submission of a fraudulent educational document and fraudulent attempt to obtain an official college transcript, (2) found respondent qualified for the position, and (3) reinstated him to his position, reversed, on the law, without costs or disbursements, the petition granted, the determination of the City Civil Service Commission, dated

June 20, 1984, annulled and the determination of the City Department of Personnel reinstated.

Respondent Latorre was appointed a probationary New York City police officer in January 1982. After serving in that position for one year and four months, he was terminated by the Department of Personnel, by notice dated April 22, 1983, effective June 10, 1983, on the ground that he was not qualified because of his character as the result of his prior submission for credit of a fraudulent Westchester Community College transcript to Iona College in 1980, and his fraudulent attempt to obtain an official college transcript.

In registering for the spring 1980 semester at Iona, Latorre completed a degree candidate form, wherein he requested transfer of 62 earned credits from Westchester Community College. While Latorre had previously attended Westchester Community, he had no accumulated credits, having taken only four courses, failing three and withdrawing from one. His application to Iona was also supported by a doctored transcript from Westchester Community, indicating 62 credits. This transcript was not sent directly to Iona but was forwarded to a nonexistent construction company at Latorre's girlfriend's address, and was thereafter mailed to Iona. Since the transcript was apparently false, the Iona registrar requested that Latorre meet to discuss the matter, which he failed to do until a personal interview was arranged, more than one year later, by the Police Department's Applicant Investigation Unit. Initially, Latorre told the registrar that he had no knowledge of any wrongdoing but, in connection with the Police Department's investigation of his qualifications, he stated that he had requested the transcript for employment with C & J Construction Co., a firm which he claimed was in the process of being formed, to show that he had been admitted to college.

Following the determination by the Department of Personnel, Latorre appealed to the Civil Service Commission, which, after a hearing, reversed, found respondent qualified and reinstated him to his position. The Commission concluded that no evidence had been adduced to establish that Latorre, either directly or indirectly, participated in the preparation and submission of the Westchester Community College transcript and, in the absence of such proof, it could not speculate that the transcript was in fact fraudulent. When the Commission restored Latorre to his position, it referred to the fact that he had received five commendations for heroism, which bore directly upon his character. Thereafter, although petitioner's

application to reargue was granted, the Commission adhered to its original determination.

Special Term denied the article 78 petition, holding that the prime issue here was credibility and the Civil Service Commission, which had held a full evidentiary hearing, had an opportunity to evaluate respondent sufficiently to rule on that issue. The court refused to disturb the final administrative finding, which it found supported by the record and concluded that respondent's testimony was credible that he did not falsify the transcript and did not know how the credits got on to his record.

We disagree. On review of the record, we find the Civil Service Commission's determination to be irrational. The blatant inconsistencies in the several accounts of the events furnished by respondent and the documents themselves affirmatively establish the propriety of the administrative determination by the Department of Personnel that there had been a fraudulent submission by Latorre. His testimony at the hearing was inconsistent with what he had previously told the Iona registrar and the Police Applicant Investigation Unit and was patently false. It clearly appears that the degree candidate form was personally completed by respondent, wherein he claimed 62 transfer credits, which he knew he did not have. His explanation, that he was instructed to do so by "Cynthia", a woman at the registrar's office, is incredible. This is all buttressed by the varying explanations as to how the transcript was sent to C & J Construction Co.

In our view, notwithstanding the commendable record of heroism by respondent during his short period of service as a police officer, the Personnel Department was justified in concluding that he lacked the requisite integrity and character for service within the Police Department, by reason of his prior submission and reliance upon false and fraudulent documents relating to his educational background. His several stories and denial of knowledge with respect to the transcript defy credulity, especially taking into account that the transcript was mailed to a nonexistent company, by coincidence at the address of his girlfriend, and which, in some manner, unbeknownst to respondent, made its way into the records of Iona College. The explanation that he requested 62 transfer credits from Westchester Community, which he knew he did not have, only as a result of the advice of a woman at the registrar's office and pursuant to a booklet which was in the registration packet, is most blatantly false, incredible and unsupported on this record. Thus, there was a clear basis for

the Department of Personnel's determination and, under the circumstances, the contrary decision reached by the Civil Service Commission was arbitrary and capricious. Concur—Ross, Asch, Kassal and Wallach, JJ.

Kupferman, J. P., dissents and would affirm for the reasons stated by Goodman, J., at Special Term.